**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JACQUELINE EDWARDS, an individual; | Case No.: 2:26-cv-00571-CDS-NJK |
| Plaintiff, | |
| v. | **ORDER GRANTING STIPULATION FOR AN** |
| SAN JOAQUIN VALLEY COLLEGE, INC., a California corporation, | **EXTENSION OF TIME TO FILE AN ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT.** |
| Defendant. | |
| | **(FIRST REQUEST)** |

Plaintiff JACQUELINE EDWARDS ("Plaintiff") and Defendant SAN JOAQUIN VALLEY COLLEGE, INC., ("Defendant"), by and through their respective undersigned counsel of record, hereby respectfully submit this Stipulation and Proposed Order Granting Defendant an Extension of Time to File an Answer or Otherwise Respond to Plaintiff's Complaint. This is the first request for an extension of time to file and answer or otherwise respond to Plaintiff's Complaint.

IT IS HEREBY STIPULATED AND AGREED as follows:

1. On February 27, 2026, Plaintiff filed her Complaint for Damages bringing seven causes of action under state and federal law (ECF No. 1).

4923-6073-8212

2. On March 17, 2026, Defendant were served Plaintiff's Complaint.

3. Defendant's deadline to file a responsive pleading was originally due April 7, 2026.

4. On April 16, 2026, the Law Firm of Snell & Wilmer was retained to represent the Defendant in the above captioned case and learned of the Complaint and acceptance of service.

5. On April 16, 2026, the Law Firm of Snell & Wilmer first reached out to Plaintiff's attorney to obtain an extension to respond to the Complaint. Defense counsel was unable to get into touch with Plaintiff's counsel until April 22, 2026.

6. After getting into contact with Defense counsel, Plaintiff's counsel agreed to stipulate to allow Defendants additional time up and until May 7, 2026, to file an answer or otherwise respond to Plaintiff's complaint, through this stipulation.

7. Federal Rule of Civil Procedure 6(b)(1) provides "[w]hen an act may or must be done within a specified time, the court may, for good cause extend the time: (A) with or without motion or notice if the court acts, or if a request is made before the original time or its extension expires."

8. The good cause standard under Rule 6(b) is not rigorous and has been construed broadly. *Reed v. Dzurenda*, No. 2:19-cv-00326-JAD-BNW, 2021 LX 39555, at *5 (D. Nev. Mar. 4, 2021) (citing to *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010). "The Ninth Circuit has directed that Rule 6(b) '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Id.* (citing to *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005)).

9. Local Rule IA 6-1 provides "A request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect."

10. Determining whether neglect is excusable is "an equitable one" that depends on "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the

- 2 -

4923-6073-8212

movant acted in good faith." *United States v. Traslavina*, No. 2:87-cr-00166-APG-LRL, 2024 LX 175913, at *2 (D. Nev. Apr. 15, 2024).

11. Here, the request for an extension to answer or otherwise respond to Plaintiff's Complaint is made in good faith and the Defendant's failure to timely respond constitutes excusable neglect warranting relief. The delay in responding was not the product of any intentional disregard, bad faith, or willful indifference to these proceedings. Rather, it resulted from the administrative processes inherent in coordinating insurance coverage and the assignment of defense counsel. Upon learning of the claim, Defendant promptly submitted it to its insurer and requested that Snell & Wilmer be retained as counsel. The subsequent process of coordinating between the relevant parties to finalize the assignment required additional time. In the interest of avoiding further delay, Defendant independently retained Snell & Wilmer and elected to address the outstanding insurance coordination issue separately. These administrative delays, while regrettable, arose from Defendant's good-faith efforts to secure insurance-appointed counsel and are precisely the type of inadvertent, non-culpable circumstances that courts have long recognized as constituting excusable neglect.

12. Upon counsel's discovery of the Complaint and the fact that the deadline to respond had passed, counsel acted immediately to remedy the situation, including by reaching out to Plaintiff's counsel to request an agreed-upon extension of time. Plaintiff's counsel has agreed to the extension, which is reasonable in length and will cause no prejudice to Plaintiff or disruption to the orderly administration of this matter. Indeed, the potential impact on the proceedings is preferable as it will now be decided on the merits rather than default, and upon Counsel's discovery of the Complaint and passed deadline, they immediately acted to obtain an extension.

13. This extension is sought in good faith and not for the purpose of undue delay.

- 3 -

4923-6073-8212

IT IS SO STIPULATED.

DATED April 27, 2026.

GREENBERG GROSS LLP

*/s/ John M. Orr*
Jemma E. Dunn, Esq.
Matthew T. Hale, Esq.
John M. Orr, Esq.
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135

*Attorneys for Jacqueline Edwards*

DATED April 27, 2026.

SNELL & WILMER, LLP

*/s/ Paul S. Prior*
Paul S. Prior, Esq.
Nevada Bar No. 9324
Kaitlyn Stout, Esq.
Nevada Bar No. 17304
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135

*Attorneys for San Joaquin Valley
College, Inc.*

**ORDER**

Good cause appearing, IT IS THEREFORE ORDERED that the Parties' stipulation is GRANTED. Defendant San Joaquin Valley College, Inc. shall have up to and including May 7, 2026, to respond to Plaintiff's complaint.

IT IS SO ORDERED.
Dated: April 28, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

- 4 -

4923-6073-8212